*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BURT SMITH,

       Plaintiff-Appellant,

v

HOME-OWNERS INSURANCE COMPANY,

       Defendant-Appellee.

UNPUBLISHED
September 12, 2024

No. 366533
Macomb Circuit Court
LC No. 2022-000413-AV

Before: K. F. KELLY, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals by leave granted[1] an order entered in the circuit court affirming a district court order granting summary disposition in defendant's favor in this action seeking payment of personal protection insurance (PIP) benefits under the No-Fault Act. We affirm.

## I. BACKGROUND FACTS

The factual history of this case is undisputed. On March 9, 2015, plaintiff filed a Chapter 13 bankruptcy petition. On September 8, 2016, during the pendency of his bankruptcy proceeding, plaintiff was injured in a motor vehicle accident. On December 3, 2018, plaintiff filed a complaint in the circuit court against defendant, his no-fault insurer, seeking PIP benefits as a result of the motor vehicle accident (the 2018 action).

On April 22, 2019, plaintiff filed an amendment to his bankruptcy petition, submitting Official Form 106A/B, and replied in the negative to question number 33 which asked if he had any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment[;] Examples: Accidents, employment disputes, insurance claims, or rights to sue." This form was executed as true and correct, under penalty of perjury.

---

[1] *Smith v Home-Owners Ins Co*, unpublished order of the Court of Appeals, entered November 22, 2023 (Docket No. 366533).

On October 22, 2019, defendant filed in the circuit court a motion for summary disposition of plaintiff's no-fault case, arguing that judicial estoppel barred plaintiff's no-fault claims because he failed to disclose the claims in the bankruptcy proceeding.

On November 27, 2019, the bankruptcy court entered an order titled: "Order Authorizing Debtor's Continued Employment of Attorney for Payment of Personal Injury Protection Benefits (P.I.P.) and Payment of Legal Fees and Costs 'Nunc Pro Tunc.' " The order generally stated that the debtor, plaintiff, was authorized to continue employment of the law firm handling his personal injury protection claim; that the debtor must file a motion to approve the settlement of the payment of such benefits prior to disbursement of the proceeds; and that the proceeds of any payment of benefits must be held pending further order of that court.

On January 9, 2020, the circuit court entered an order transferring plaintiff's no-fault case to the district court on the basis that plaintiff's claim did not meet the $25,000 jurisdictional threshold.

On May 4, 2020, defendant filed a motion for summary disposition of plaintiff's no-fault case in the district court under MCR 2.116(C)(10), arguing that judicial estoppel barred plaintiff's claims because he failed to disclose the claims in the bankruptcy proceeding. Defendant asserted that the Bankruptcy Code requires a debtor to disclose all causes of action, including possible or potential causes of action, as an asset under 11 USC 521(a)(1)(B)(i) and plaintiff failed to do so. The fact that plaintiff disclosed the case to the bankruptcy court after defendant filed a motion for summary disposition did not cure the defect. Accordingly, defendant argued, plaintiff's no-fault cause of action was barred by the doctrine of judicial estoppel.

After hearing oral arguments on defendant's motion for summary disposition, the district court agreed with defendant that plaintiff's action was barred by judicial estoppel and granted the motion. On August 11, 2020, the district court entered the order and dismissed plaintiff's case.

Plaintiff appealed the dismissal to the circuit court, and the decision was affirmed by order entered June 25, 2021. The circuit court noted that plaintiff filed an amendment to his bankruptcy petition but did not disclose his claims against defendant; the bankruptcy court adopted that representation, at least initially; and plaintiff only notified the bankruptcy court of his claims against defendant after defendant filed its motion for summary disposition based on judicial estoppel, i.e., plaintiff's omission was not the result of mistake or inadvertence. See *Spohn v Van Dyke Pub Schs*, 296 Mich App 470, 480-481; 822 NW2d 239 (2012). The court concluded that all of the requirements for judicial estoppel had been sufficiently demonstrated and affirmed the district court's dismissal decision.

On November 10, 2020, the bankruptcy court discharged plaintiff from bankruptcy.

On January 21, 2022, plaintiff filed in the district court another action against defendant (the 2022 action) seeking PIP benefits for medical expenses incurred after the previous dismissal. On June 14, 2022, defendant filed a motion for summary disposition under MCR 2.116(C)(7), arguing that two courts had previously concluded that the doctrine of judicial estoppel barred plaintiff from claiming he was entitled to PIP benefits after he concealed such potential claims from the bankruptcy court. Plaintiff opposed the motion, arguing that he did not incur the claim

at issue in this 2022 action until after the district court granted defendant's motion for summary disposition in the 2018 action—and after he was discharged from bankruptcy. Thus, he argued that the doctrines of judicial estoppel, res judicata, and the law of the case were inapplicable.

Defendant filed a reply, arguing that it was irrelevant when plaintiff incurred the specific expenses for which he sought benefits because he falsely represented to the bankruptcy court that he had *no* claim for no-fault benefits when in fact he had already been involved in the accident and had already filed the 2018 action. Defendant maintained that plaintiff's claim that he was owed no-fault benefits was contrary to the representation that he made in the bankruptcy court regardless of when he incurred the specific expenses sought. Accordingly, plaintiff was not entitled to no-fault benefits.

After hearing oral arguments on defendant's motion for summary disposition on August 29, 2022, the district court took the matter under advisement. On November 4, 2022, the district court entered an order granting defendant's motion for summary disposition, stating that "Plaintiff's claims for PIP benefits arising out of the motor vehicle accident on September 8, 2016, are barred by the doctrine of judicial estoppel based on this Court's findings and the prior order granting summary disposition in [the 2018 action], as affirmed on appeal by the [circuit court]."

Plaintiff appealed the dismissal to the circuit court, arguing that his claim for PIP benefits for expenses incurred after the previous dismissal order and after he had been discharged from bankruptcy were not barred by judicial estoppel, res judicata, or the law of the case doctrine. Plaintiff argued, first, that his no-fault claim was not barred by judicial estoppel because there is no case law supporting the position "that the granting of judicial estoppel as to earlier claims bars recovery of claims incurred after judicial estoppel is granted, and after the bankruptcy claim has been discharged." Second, plaintiff argued that this case was not barred by res judicata because the no-fault benefits due were incurred after the district court dismissed plaintiff's previous no-fault case. And, third, plaintiff argued that his claims were not barred by the law of the case doctrine because "[n]othing regarding these claims has been litigated to its conclusion and decided on the merits previously. The holding of judicial estoppel applied only to the prior lawsuit and the claims at issue therein." Accordingly, plaintiff argued, defendant's motion for summary disposition should not have been granted and the order dismissing the case should be vacated.

Defendant filed a response to plaintiff's appeal, arguing that the district court did not err in applying judicial estoppel to dismiss plaintiff's claims and, further, the claims were barred by res judicata and the law of the case doctrine. Defendant, first, argued that two courts had already decided that plaintiff's claim for no-fault benefits arising from the 2016 accident was barred by judicial estoppel. And the fact that he was seeking benefits for expenses allegedly incurred after the dismissal of his case is a distinction without a difference; the case is barred. Second, defendant argued, plaintiff's case was barred by res judicata because his entitlement to PIP benefits has already been determined on the merits. That is, a grant of summary disposition resolves the case on the merits of the legal question raised in that case. See *Kern v Kern-Koskela*, 320 Mich App 212, 223; 905 NW2d 453 (2017). And, third, defendant argued that plaintiff's case was barred by the law of the case because the previous case barred plaintiff from recovering PIP benefits arising from that same 2016 accident. In short, defendant argued, plaintiff already sued defendant for PIP benefits and the court concluded that he was not entitled to no-fault benefits arising out of the subject accident because he failed to properly disclose his potential claim to the bankruptcy court;

that ruling in the first PIP case is conclusive. Accordingly, defendant requested that the circuit court affirm the district court's dismissal order.

On May 26, 2023, the circuit court entered an order affirming the district court's dismissal decision, holding that judicial estoppel barred plaintiff's case. The court, again, held that plaintiff filed an amendment to his bankruptcy petition but did not disclose his claim against defendant; the bankruptcy court adopted that representation, at least as a preliminary matter; and plaintiff only notified the bankruptcy court of his claim against defendant after defendant filed its motion for summary disposition based on judicial estoppel, i.e., plaintiff's omission was not the result of mistake or inadvertence. The court also rejected plaintiff's argument that this case is distinguishable from his previous case simply because the medical expenses he sought to recover were incurred after the previous case was dismissed. The court noted that plaintiff had also failed to disclose his *potential* claim for such benefits in the bankruptcy court, and thus, such claim was also barred by the judicial estoppel doctrine. Accordingly, the court affirmed the district court's order barring plaintiff's claim for no-fault benefits. Because of its determination regarding judicial estoppel, the circuit court found it unnecessary to address defendant's arguments regarding res judicata and the law of the case doctrine.

Thereafter, plaintiff sought leave to appeal with this Court, arguing that the district and circuit courts erred in holding that his claim for PIP benefits incurred after the date of the previous dismissal order and after he had been discharged from bankruptcy was barred by the doctrine of judicial estoppel. Plaintiff's application for leave to appeal was granted, "limited to the issues raised in the application and supporting brief." *Smith v Home-Owners Ins Co*, unpublished order of the Court of Appeals, entered November 22, 2023 (Docket No. 366533).

On appeal, plaintiff argues that the district and circuit courts erred in holding that his claim for PIP benefits incurred after the date of the previous dismissal order and after he had been discharged from bankruptcy was barred by the doctrine of judicial estoppel. We disagree.

II. ANALYSIS

A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant a motion for summary disposition. *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). A motion under MCR 2.116(C)(7) tests whether a claim is barred as a matter of law. In deciding that motion, the court accepts the contents of the complaint as true unless contradicted by documentary evidence. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "If there is no factual dispute, the determination whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law." *Allen Park Retirees Ass'n, Inc v Allen Park*, 329 Mich App 430, 444; 942 NW2d 618 (2019).

B. JUDICIAL ESTOPPEL

"Judicial estoppel is an equitable doctrine, which generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Spohn v Van Dyke Pub Schs*, 296 Mich App 470, 479; 822 NW2d 239 (2012) (quotation marks and citations omitted). "This doctrine is utilized in order to preserve the integrity

-4-

of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Id*. at 479-480 (quotation marks and citations omitted). "Because the purpose of judicial estoppel is to protect the integrity of the judicial process, it is an equitable doctrine invoked by a court at its discretion." *Opland v Kiesgan*, 234 Mich App 352, 365; 594 NW2d 505 (1999) (quotation marks and citations omitted).

Under the "prior success" model of judicial estoppel, which Michigan has adopted, "a party who has successfully and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding." *Spohn*, 296 Mich App at 480 (quotation marks, citation, and emphasis omitted); see also *Opland*, 234 Mich App at 365. The mere assertion of inconsistent positions is insufficient to invoke the doctrine, however, and "there must be some indication that the court in the earlier proceeding accepted that party's position as true." *Spohn*, 296 Mich App at 480 (quotation marks and citation omitted). Further, "the claims must be wholly inconsistent" although the party against whom the doctrine is asserted need not have prevailed on the merits. *Id*. (quotation marks and citations omitted). In the context of a bankruptcy proceeding, three elements must be met: (1) the plaintiff must have assumed a position contrary to the one asserted under oath in the bankruptcy proceeding, (2) the bankruptcy court must have "adopted the contrary position either as a preliminary matter or as part of a final disposition," and (3) the omission must not have resulted "from mistake or inadvertence." *Id*. at 480-481 (quotation marks and citation omitted). A potential cause of action is an asset that must be disclosed in a bankruptcy proceeding. *Id*. at 481.

The circuit court addressed the above three factors when it affirmed the district court's determination in the 2018 action. The court determined that plaintiff affirmatively stated during the bankruptcy proceeding that he had no claim against any third party notwithstanding that he had already filed a complaint against defendant at the time that he made the representation. The court also determined that the bankruptcy court confirmed plaintiff's repayment plan in reliance on his failure to disclose his claim against defendant. Finally, the court determined that plaintiff's failure to disclose his claim against defendant until after defendant moved for summary disposition did not result from mistake or inadvertence. Thus, in plaintiff's previous appeal, the circuit court opined that the three factors articulated in *Spohn* had been met. Plaintiff did not appeal the circuit court's determination to this Court.

Instead, plaintiff refiled his action against defendant after he was discharged from bankruptcy. He asserts that the previous rationale for applying judicial estoppel is inapplicable because he did not incur the expenses at issue in the 2022 action until after he was discharged from bankruptcy. As the district court and circuit court determined, however, *when* plaintiff incurred the specific expenses involved is irrelevant because he affirmatively stated in the context of the bankruptcy proceeding that he had no claim against any third party, including an insurer, and both lower courts determined that plaintiff made the assertion in bad faith. Thus, contrary to plaintiff's assertion, the rationale for applying judicial estoppel in this case is applicable.

Moreover, plaintiff's reliance on *Anderson v Shih*, unpublished per curiam opinion of the Court of Appeals, issued April 23, 2020 (Docket Nos. 344540 and 344549), is unavailing because that case is distinguishable from the instant case. In that case, the plaintiff's bankruptcy trustee sought permission from the bankruptcy court to reopen the bankruptcy case and filed amendments to the plaintiff's bankruptcy schedules. *Anderson*, unpub op at 4. This Court determined that

judicial estoppel was inapplicable because the plaintiff "took corrective measures." *Id*. at 9. This Court also determined that judicial estoppel was inapplicable because the plaintiff's "failure to disclose the potential asset in the bankruptcy court arose from mistake or inadvertence and did not arise from some ulterior motive to deliberately manipulate the courts through cynical gamesmanship to achieve success on one position in the bankruptcy court and then argue a different position to gain advantage in this case." *Id*. This Court reasoned as follows:

> [T]he record in this case establishes that plaintiff treated with defendants between June 2013 and February 2014. She filed her bankruptcy petition on February 25, 2014, about one month before she sought treatment from another care provider who ordered an MRI that revealed her severe spine condition that required emergency surgery the next day. Plaintiff's bankruptcy case closed in July 2014. Plaintiff first consulted with an attorney in September 2014. The record reflects that, at the earliest, plaintiff learned of her medical care providers' misdiagnosis when she learned the results of her MRI after the filing of the bankruptcy petition. The trial court correctly found that at the time that plaintiff initially filed her bankruptcy petition, she lacked knowledge of her potential claim. [*Id*. at 10.]

In the instant case, plaintiff affirmatively represented to the bankruptcy court that he had no pending claim against any third party, including an insurer, notwithstanding that he had already filed the 2018 action against defendant. Thus, unlike in *Anderson*, he had knowledge of his claim and failed to disclose it. And, here, there was no evidence of mistake or inadvertence.

In summary, the circuit court did not err in affirming the district court's dismissal decision on the ground that plaintiff's no-fault claim was barred by the doctrine of judicial estoppel.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly